IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH WILLIAMS, #336398
    Plaintiff               :

    v.                               :  Civil Action No. AW-06-1823

STATE OF MARYLAND, et al.     :
    Defendants

MEMORANDUM

On July 14, 2006, Plaintiff, presently incarcerated at the Eastern Correctional Institution at Westover [ECI], filed the above-captioned case, seeking money damages and alleging that a Montgomery County district attorney, a Montgomery County Circuit Court judge, unnamed personnel at the Montgomery County pre-release center and unnamed State officials conspired to coerce him into accepting a plea agreement that ensured a lengthy sentence. Because he appears to be indigent, Plaintiff shall be granted leave to file in forma pauperis, pursuant to 28 U.S.C. Section 1915(a).

Plaintiff apparently faced trial in the Montgomery County District Court, and exercised his option under Maryland law to transfer his case to the Circuit Court for trial by jury.[1] On the day of trial his attorney indicated that the State's Attorney would seek – and the Circuit Court judge would consider – a substantial sentence should Plaintiff prove unsuccessful at trial. Plaintiff chose to accept a plea. He seemingly complains that the sentence imposed was longer than that which would have been imposed by the District Court.[2]

Preliminarily, the Court notes that Plaintiff presents only a bald assumption that Pre-

---

[1]     Under Md. Code Ann., § 4-302(e)(1), the District Court is deprived of jurisdiction if a criminal defendant is entitled to and demands a jury trial at any time prior to trial in the District Court.

[2]     Plaintiff may be operating under the erroneous assumption that the operation of his right to trial by jury meant that his case would be heard by a jury sitting in the District Court, rather than the Circuit Court.

Release Center personnel somehow were involved in his dealings between court personnel, the State's Attorney, and trial counsel. The Pre-Release Center is entitled to dismissal from this claim. Likewise, Plaintiff presents no allegations against unnamed State officials.

Plaintiff's allegations against the Circuit Court judge also fail. Judicial officers are immune from liability for judicial acts unless done in the clear absence of all jurisdiction, even if those acts were erroneous or malicious and exceeded authority. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1987); *Chu v. Griffith*, 771 F.2d 79 (4th Cir. 1985). As noted above, the Circuit Court was authorized to adjudicate the case.

Assuming, without deciding, that the trial judge, the State's Attorney, and Plaintiff's trial counsel somehow improperly induced Plaintiff to plead guilty, Plaintiff's claim for money damages would be premature unless and until Plaintiff's conviction is reversed, expunged, invalidated or impugned. *See Heck v. Humphrey*, 512 U.S.477, 486-87 (1994). The conviction and sentence appear to have been imposed about two months ago, and there is no indication that Plaintiff has been successful on appeal or collateral review. His claim for money damages is therefore subject to dismissal without prejudice at this time. A separate Order shall be entered reflecting the opinion set forth herein.

August 10, 2006                             _____/s/_____
(Date)                                      Alexander Williams, Jr.
                                            United States District Judge